IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT E. DEARMON, JR.,

      Plaintiff,                      No. 2:10-cv-02183 KJN P

    vs.

A. FREEMAN, et al.,

      Defendants.

_____/       ORDER

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b), the court finds that the complaint states potentially cognizable claims for relief, for the reasons plaintiff states, under the First, Eighth, and Fourteenth Amendments to the United States Constitution, against defendant correctional officers Freeman and Valadao. The court also finds that plaintiff states a potentially cognizable claim for conspiracy against these defendants pursuant to 42 U.S.C. §§ 1983 and 1985. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail against these defendants on the merits of this action.

Plaintiff also alleges that defendants' unidentified supervisors and Deuel Vocational Institute ("DVI") (plaintiff's place of incarceration) have failed to protect plaintiff from the alleged misconduct of Freeman and Valadao. Plaintiff is informed that, to state a claim for relief under Section 1983 based on a theory of supervisory liability, plaintiff must allege facts demonstrating that supervisory defendants (1) personally participated in the alleged deprivation of constitutional rights, (2) knew of the violations and failed to prevent them, or (3) promulgated or "implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotations omitted); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Facts consistent with at least one of these scenarios must be specifically alleged in order to state a potentially cognizable claim against a supervisory defendant.

Deuel Vocational Institute is not a proper defendant. An action against DVI is, in essence, an action against the California Department of Corrections and Rehabilitation and the State of California, which are immune from a private damages suit under the Eleventh Amendment. See e.g., Quern v. Jordan, 440 U.S. 332 (1979).

For these reasons, the court will accord plaintiff the option of (1) proceeding on his present complaint and serving forthwith defendants Freeman and Valadao, or (2) filing an amended complaint reiterating his claims against defendants Freeman and Valadao, and attempting to state cognizable claims against one or more of defendants' supervisors. The second option will require the court's review of the amended complaint and delay service of process.

If plaintiff elects to file an amended complaint, he is informed that an amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). If plaintiff files an amended complaint, the original pleading will be superseded. However, plaintiff is not obligated to amend his complaint, and may instead proceed on his current complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in plaintiff's complaint (Dkt. No. 1) are sufficient to state potentially cognizable claims against defendants Freeman and Valadao. See 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide plaintiff with a blank summons, a copy of the pleading filed August 16, 2010, two USM-285 forms, and instructions for service of process.

4. Within thirty days after service of this order, plaintiff may complete the attached Notice of Submission of Documents and submit the following documents to the court:

a. The completed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form for each defendant listed above; and

        d. Three copies of the endorsed complaint filed August 16, 2010.

Upon receipt of the above-described documents, the court will direct the United States Marshal to serve defendants Freeman and Valadao pursuant to Federal Rule of Civil Procedure 4, without payment of costs. Defendants Freeman and Valadao will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

    5. Alternatively, within thirty days after service of this order, for the reasons set forth above and in compliance with the above-noted requirements, plaintiff may file the attached Notice of Submission of Documents with an Amended Complaint.

    6. Failure to timely comply with one of the alternatives set forth above may result in a recommendation that this action be dismissed.

DATED: December 13, 2010

                                                  /s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dear2183.1.new.optn

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT E. DEARMON, JR.,

      Plaintiff,                   No. 2:10-cv-02183 KJN P

    vs.

A. FREEMAN, et al.,              NOTICE OF SUBMISSION

      Defendants.               OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

          ____ completed summons form

          ____ completed USM-285 forms

          ____ copies of the August 16, 2010 Complaint

OR

     ____ Plaintiff opts to file an Amended Complaint and delay service of process.

_____        _____
Date                                                   Plaintiff